### SNIPES v. MUTUAL TRUST CO.

### In re DANSER & CO.

(District Court, E. D. Pennsylvania. January 22, 1921.)

No. 6628.

1. **Jury ⬤=9—Justice administered by court and jury.**
   Under the amendments to the Constitution, known as the Bill of Rights, which recognized the jury as the sole trier of the facts of action at law, it is nevertheless true that justice is administered by a court and jury, and not by either alone.

2. **Trial ⬤=139(1)—Existence of evidentiary facts is question for jury.**
   Where there is an evidentiary fact to be found, it must be found by the jury.

3. **Trial ⬤=142—Inference of ultimate fact for jury, if room for difference.**
   If there is fair room for reasonable difference of opinion as to the ultimate fact finding, or inference to be drawn from the evidentiary facts, it is for the jury to draw the inference; otherwise, it is for the court.

4. **Trial ⬤=139(1)—Nonsuit improper, if verdict for plaintiff would be sustained.**
   The test of the right to nonsuit is whether on a motion for a new trial the court would enter judgment on a verdict in favor of the plaintiff, if it were rendered.

5. **Bankruptcy ⬤=165(1)—Bankrupt held not indebted to bank, so that payments were not preferences.**
   Where the bankrupt was accustomed to deposit in a bank checks drawn on other banks, and immediately thereafter to check against such deposits, without waiting to see whether the checks were good, and the bank, which was required by the clearing house to make good worthless checks credited by it, required payments from the bankrupt to protect itself against excessive use of its cash reserves, there was no indebtedness from the bankrupt to the bank, and such payments were not preferences.

At Law. Action by Edgar T. Snipes, trustee in bankruptcy of Danser & Co., a Delaware corporation, against the Mutual Trust Company, a Pennsylvania corporation. On motion to take off nonsuit. Rule discharged.

R. D. Brown, of Philadelphia, Pa., for plaintiff.

Francis B. Bracken, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This case is unique. The sole controversy is over the existence of a debt. The unusual feature is that

the debtors are asserting and the creditor is denying its existence. The case and defense are in capable hands. The ground upon which the nonsuit was entered has been stated upon the record. There is in consequence no need to discuss the merits of this motion, beyond the statement of our conclusion to adhere to the view of the case taken at the trial. The dividing line between questions which are for the court and those which should be submitted to the jury cannot, except in the most general and practically unhelpful terms, be defined.

[1] It is easy to observe in those amendments to the Constitution of the United States, which have been aptly called the federal Bill of Rights, the clearly expressed desire of our people that the jury system shall be preserved in all its fullness by the jury being recognized to be the sole trier of the facts, and that the courts shall accept whatever facts are established by the verdict. It is just as easy to see and appreciate the truth in the observation that legal justice is administered under the laws of the United States by "court and jury," and not by the jury alone. It is just as true that in common-law actions legal justice is not administered by the courts alone.

[2, 3] The general rule laid down for our guidance is that, if there is what may be called an evidentiary fact to be found, it must be found by the jury, and if there is fair room for a reasonable difference of opinion as to the ultimate fact finding, or inference to be drawn from the evidentiary facts, it is the place of the jury to draw the inference; otherwise, it is for the court. The first part of this gives us a good working rule. The latter is not so satisfactory. Practically it approaches very closely the short-cut doctrine that when the court, although differing with the jury in opinion of what the judgment should be, would nevertheless enter judgment on the verdict, the case was properly one for the jury. The converse supplies us with an equally good test and a practically definite one.

All for which counsel for plaintiff contends is that he has the right to the judgment of a jury as to the proper inference to be drawn from the evidentiary facts. The evidentiary facts are not in dispute. The truth is they were supplied by defendant. Counsel for plaintiff would, if permitted so to do, have asked the jury to make the ultimate fact finding that the bankrupts, for whose estate the plaintiff is trustee, were indebted to the defendant. It is not often that a creditor would be found denying such a fact.

[4] Applying the suggested test, we have the following question presented: On a motion of the defendant for a new trial, would the court enter judgment on a verdict in favor of the plaintiff? The pertinent evidentiary facts are not many. The bankrupts deposited with the defendant checks drawn on other banks, and asked that the sums of money for which the checks called be placed to the depositors' credit. Thus far there could be no thought of an indebtedness due the bank. If, however, the bank permitted the depositors to draw against this account, and the deposited checks were worthless, just as clearly the depositors would owe the bank the overdrawn balance of the account after the worthless checks were charged back. This

is not, as the plaintiff states it, the fact on which rests his cause of action, but this is what in substance it is.

No such fact, however, is in the present case, although something somewhat resembling it is. The depositary bank was not a full member of the Clearing House Association, but was an associate member, with some of the rights of a full member. It had the right to participate in the clearances of checks. It had this privilege, however, on the terms that it was obliged to pay the amount of any balances against it at the time the balance was struck, irrespective of whether the checks, which entered into the balance found, were good or not. In fact it paid them without knowing what they were or by whom drawn. This payment was, however, not as reckless as, in this statement of it, it would seem to be. The payment was not an absolute, but an "if," payment. The defendant had the right and opportunity to check up the correctness of the balance which it had paid. The checks which entered into the statement were handed over to the defendant. If any of them were worthless, the bank which had sent them to the clearing house was notified, and was bound to refund the amount of the worthless checks to the defendant. It is clear that the moneys which the defendant thus paid to the Clearing House were paid, not upon the credit of the depositors, but of the member bank on whose account the checks were paid in the first instance to the Clearing House. This is not meant to be a technically correct statement of the transaction, but one to bring out its essentials, in order to determine whether thereby any indebtedness arose from the depositors to the bank.

To restate the transaction, as counsel for plaintiff in effect states it, if the bankrupts had deposited worthless checks, and the bank had paid the depositors' checks drawn against this account, thus in fact overdrawing the account to the amount of the debit balance shown when the worthless checks were charged back, the depositors would have become indebted to the bank, and if they paid the bank, by making good their account, this payment might be found to be preferential. The transaction proved is averred to have been in substance and effect the transaction above described.

Plaintiff adds to the statement of facts above made the further circumstance that the defendant complained to the bankrupts of the practice of depositing checks and drawing against them before they were collected, thus practically compelling the defendant to use its cash reserves to make its payments to the Clearing House, thereby requiring it to keep a larger reserve, and subjecting it to annoyance, trouble, and risk. The bankrupts thereupon agreed to compensate the defendant by paying it sums of money based upon the advances made and the time during which it was out the use of the moneys advanced.

[5] Without further statement of the reasons for reaching the conclusion reached, we adhere to the view of the case taken at the close of the trial. We could not enter a judgment which involved the finding that a debt arose out of the described transactions from the bankrupts to the defendant.

The rule to take off the nonsuit entered is discharged.